UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN REED, | 1: 06 CV 01757 OWW WMW HC |
| Petitioner, | ORDER DENYING MOTION FOR EVIDENTIARY HEARING |
| v. | [Doc. 22] |
| LYDIA HENSE, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. On December 28, 2007, Petitioner filed a motion for an evidentiary hearing. Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts.

See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

    As the court has yet to review the merits of Petitioner's claim, it is unable to determine whether there is a disputed issue of fact that requires an evidentiary hearing. Following a thorough review of the petition's merits, the court will sua sponte issue an order for an evidentiary hearing should it find one necessary.

    Accordingly, the request for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

**Dated:   February 14, 2008**         /s/  William M. Wunderlich
                                              UNITED STATES MAGISTRATE JUDGE