# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN REED,<br><br>        Petitioner,<br><br>  v.<br><br>LYDIA HENSE,<br><br>        Respondent. | 1:06-CV-01757 OWW JMD HC<br><br>ORDER SCHEDULING EVIDENTIARY HEARING<br><br>ORDER APPOINTING FEDERAL DEFENDER<br><br>ORDER DIRECTING PARTIES TO PREPARE JOINT STATEMENT |

      Petitioner Jan Reed ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

      Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at North Kern State Prison in Delano, pursuant to a judgement of the Madera County Superior Court. (Pet. at 2). Petitioner was convicted by a jury on February 19, 2003, of second degree murder (Cal. Penal Code § 187) and discharging a firearm in a grossly negligent manner (Cal. Penal Code § 246.3). (Answer at 1). The jury further found as true sentence enhancements for the use of a firearm (Cal. Penal Code §§ 12022.53(b)-(d) and 12022.5(a)(1)), resulting in an aggregate term of forty years to life. (Pet at 2; Answer at 1).

      Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. Petitioner also filed a habeas petition with the appellate court, seeking relief on the grounds that trial counsel provided ineffective assistance. (Pet. at 4). The state appellate court affirmed Petitioner's conviction in a reasoned opinion issued on January 13, 2005. (*See* Lod. Doc. 5). The court also issued an unpublished opinion on the same day denying the habeas petition. (Lod. Doc. 8). The

1  state appellate court expressly incorporated its reasoned opinion affirming Petitioner's conviction
2  into its denial of Petitioner's habeas petition. (Id; Answer at 2).

3      Petitioner submitted a petition for review with the California Supreme Court, which
4  summarily denied the petition on April 13, 2005. (Pet. at 3; Lod. Doc. 7). Petitioner subsequently
5  filed a petition for writ of habeas corpus with the California Supreme Court on March 10, 2005.
6  (Answer at 2). The California Supreme Court summarily denied the petition on November 15, 2006.
7  (*See* Lod. Doc. 9). As admitted by Respondent, Petitioner has timely filed his petition and exhausted
8  his state remedies. (*See* Answer at 2).

9      On December 6, 2006, Petitioner filed the instant federal petition for writ of habeas corpus.
10  (Pet. at 1). The petition alleges five grounds for relief: (1) ineffective assistance of trial counsel; (2)
11  an equal protection violation; (3) insufficient evidence was presented at trial to support convictions;
12  (4) trial court improperly applied felony murder rule; and (5) trial court's failure to instruct of less
13  included offense.

14      On October 25, 2007, Respondent filed an answer to the petition.

15      On November 19, 2007, Petitioner filed a reply to the Respondent's answer.

16      On December 28, 2007, Petitioner motioned for an evidentiary hearing on ineffective
17  assistance of counsel claims relating to misrepresentation to the court, conflict of interest, and failure
18  to investigate. On February 15, 2008, the Court denied Petitioner's motion as the Court had yet to
19  review the merits of Petitioner's case. Having reviewed the materials submitted by both parties, the
20  Court grants Petitioner's motion for an evidentiary hearing and further appoints counsel to represent
21  Petitioner.

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

23      In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court
24  must consider two factors. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lowry v. Lewis, 21
25  F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was
26  deficient, requiring a showing that counsel made errors so serious that he or she was not functioning
27  as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner
28  must show that counsel's representation fell below an objective standard of reasonableness, and must

1  identify counsel's alleged acts or omissions that were not the result of reasonable professional
2  judgment considering the circumstances.  Id. at 688; United States v. Quintero-Barraza, 78 F.3d
3  1344, 1348 (9th Cir. 1995).  Second, the petitioner must demonstrate that "there is a reasonable
4  probability that, but for counsel's unprofessional errors, the result ... would have been different."
5  Strickland, 466 U.S. at 694.

6  A petitioner, who failed to raise this objection at trial, claiming a conflict of interest as the
7  grounds for their ineffective assistance of counsel must "must demonstrate that an actual conflict of
8  interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980);
9  accord Mannhalt v. Reed, 847 F.2d 576, 579-80 (9th Cir. 1988); *see also* Mickens v. Taylor, 535
10 U.S. 162, 170-74 (2002) (extending *Cuyler* burden of proof to situations in which trial judge failed to
11 inquire into conflict about which he knew or reasonably should have known).  A mere "potential" or
12 "theoretical" conflict is insufficient to establish the presence of an actual conflict as required by
13 *Cuyler*.  Bonin v. Calderon, 59 F.3d 815, 827 (9th Cir. 1995).  A petitioner must prove that an actual
14 conflict existed "through a factual showing on the record." Morris v. State of Cal., 966 F.2d 448,
15 455-56 (9th Cir. 1991).

16 "The standard governing [requests for an evidentiary hearing] establishes a reasonably low
17 threshold for habeas petitioners to meet.  A habeas petitioner is entitled to an evidentiary hearing if:
18 (1) the allegations in his petition would, if proved, entitle him to relief; and (2) the state court trier of
19 fact has not, after a full and fair hearing, reliably found the relevant facts." Phillips v. Woodford,
20 267 F.3d 966, 973 (9th Cir. 2001) (citations omitted); *see also* Smith v. McCormick, 914 F.2d 1153,
21 1170 (9th Cir. 1990) ("[W]here a petitioner raises a colorable claim of ineffective assistance, and
22 where there has not been a state or federal hearing on this claim, we must remand to the district court
23 for an evidentiary hearing.").

24 Petitioner has presented evidence demonstrating that Petitioner may have been denied
25 effective assistance of trial counsel on the grounds that: (1) counsel had a conflict of interest in
26 representing a material defense witness in an unrelated civil suit; (2) counsel failed to investigate or
27 pursue any leads after September 2002, four months before trial began.
28 In support of these contentions, Petitioner has offered the declaration of Henrika Anderson,

which was submitted to the state courts under penalty of perjury.  (*See* Lod. Doc. 8, Petition for Writ of Habeas Corpus to California Court of Appeal, Ex. B at 30–39).  Ms. Anderson's declaration alleges several facts that would support an ineffective assistance claim based on a failure to investigate and a conflict of interest.  Ms. Anderson stated that she relayed to Petitioner's counsel that she was the one who brought the rifle and other items, used as evidence against Petitioner, to the home she shared with Petitioner.  Ms. Anderson also stated that she was at the scene of the crime at around the time the victim was purported to have been killed and conversed with a male voice, that Ms. Anderson purports was not Petitioner, from inside the victim's trailer briefly.  During that conversation, the voice stated that Petitioner was not there.   However, Mr. Snyder (Petitioner's counsel) failed to cross examine or illicit information from Ms. Anderson on these issues.  (RT at 3023-3025, 3158-3159).  Ms. Anderson states that Mr. Snyder stated that she was the "number one suspect" in the investigation, that he would protect her, and informed her that she could refuse to testify in Petitioner's case by invoking the Fifth Amendment.  The declaration further contends that Mr. Snyder was representing Ms. Anderson in an unrelated civil case at the same time he was representing Petitioner.

   Additionally, Petitioner offers the statements of Stevan Rosenlind, the defense investigator, who also submitted a declaration under penalty of perjury.  (Lod. Doc. 8, Ex. B at 22-25).  Mr. Rosenlind's declaration supports Petitioner's ineffective assistance of counsel claims on the grounds of failure to investigate.  Mr. Rosenlind stated that efforts to contact Petitioner's counsel after September 2002 were fruitless and that Mr. Snyder provided no direction nor ordered any further investigation from that point forward.

   Accordingly, the Court will conduct an evidentiary hearing on the issues pertaining to  (1) counsel's conflict of interest in concurrently representing both Henrika Anderson and Petitioner; and (2) counsel's failure to investigate or pursue any leads after September 2002.  Rule 8(a) of the Rules Governing Section 2254 Cases; <u>Townsend v. Sain</u>, 372 U.S. 293, 313, 318 (1963).  Furthermore, in accordance with the grant of an evidentiary hearing, the Court orders that the Federal Defender is APPOINTED to represent Petitioner, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases.  The Court further directs that Respondent and Petitioner submit a joint statement estimating

the expected duration of the evidentiary hearing and detailing the number of witnesses to be called by both sides.

Accordingly, the Court HEREBY ORDERS that:

1) the Federal Defender is APPOINTED to represent Petitioner,

2) an evidentiary hearing is ORDERED set for **April 30 at 8:45 a.m., before the undersigned**; and

3) Respondent and Petitioner are ORDERED to submit a joint statement to the Court within sixty days from the service of this order.


IT IS SO ORDERED.

**Dated:     February 6, 2009**                    /s/ John M. Dixon
                                                  UNITED STATES MAGISTRATE JUDGE